UNITED STATES DISTRICT COURT

DISTRICT OF OREGON

TROY LUKENS,

        Plaintiff,        3:14-cv-00959-TC

        v.        FINDINGS AND RECOMMENDATION

HEIDI STEWARD, et al.,

        Defendants.

COFFIN, Magistrate Judge.

    Plaintiff's Motion to Amend (#8) is allowed. The Clerk is directed to docket the "Amended Civil Complaint" attached to the motion as the operative pleading. However, for the reasons set forth below, the following defendants should be dismissed *sua sponte*.

    Defendant Michael D. Schrunk is the former District Attorney for Multnomah County. Prosecutors are absolutely immune from liability for their prosecutorial functions.

1 - FINDINGS AND RECOMMENDATION

Imbler v. Pachtman, 424 U.S. 409, 430 (1976); Babcock v. Tyler, 884 F.2d 497, 501 (9th Cir. 1989). Plaintiff's allegations clearly relate to Mr. Schrunk's conduct in his capacity as a prosecutor.

Irene B. Taylor is alleged to be a "Deputy Public Defender at the Office of Public Defense Service." In order to state a claim under 42 U.S.C. § 1983, a plaintiff must prove that the defendant acted under the color of state law. Crumpton v. Gates, 947 F.2d 1418 (9th Cir. 1991); Gibson v. United States, 781 F.2d 1334 (9th Cir. 1986).

Private parties do not act under the color of state law. Price v. Hawaii, 939 F.2d 702, 707-08 (9th Cir. 1991). Specifically, public defenders acting in their role as advocates do not act under the color of state law for purposes of Section 1983. Dodson v. Polk County, 454 U.S. 312, 319-322 (1981); Rivera v. Green, 775 F.2d 1381, 1384 (9th Cir. 1985); see also, Briley v. California, 564 F.2d 849, 853 (9th Cir. 1977) [holding that a private attorney is not a state actor].

Accordingly, plaintiff has failed to state a claim against defendant Taylor or "the Office of Public Defense Service."

Based on the foregoing, plaintiff's claims against Defendants Schrunk, Taylor and "the Office of Public Defense Service" should be dismissed *sua sponte* for failure to state

2 - FINDINGS AND RECOMMENDATION

a claim.

This recommendation is not an order that is immediately appealable to the Ninth Circuit Court of Appeals. Any notice of appeal pursuant to Rule 4(a)(1), Federal Rules of Appellate Procedure, should not be filed until entry of the district court's judgment or appealable order. The parties shall have fourteen (14) days from the date of service of a copy of this recommendation within which to file specific written objections with the court. Thereafter, the parties have fourteen (14) days within which to file a response to the objections. Failure to timely file objections to any factual determinations of the Magistrate Judge will be considered a waiver of a party's right to de novo consideration of the factual issues and will constitute a waiver of a party's right to appellate review of the findings of fact in an order or judgment entered pursuant to the Magistrate Judge's recommendation.

*Any appeal from an order adopting this Finding and Recommendation or Judgment of dismissal would be frivolous and not taken in good faith.*

DATED this 11 day of September, 2014.

_____
Thomas M. Coffin
United States Magistrate Judge